1  Julianna M. Simon (SBN 307664)
   BLANK ROME LLP
2  2029 Century Park East | 6th Floor
   Los Angeles, CA 90067
3  Telephone:   424.239.3400
   Facsimile:   424.239.3434
4  Email: jmsimon@blankrome.com

5  Thomas A. Clare, P.C.* (DC Bar No. 461964)
   Joseph R. Oliveri* (DC Bar No. 994029)
6  Daniel P. Watkins* (VA Bar No. 84592)
   CLARE LOCKE LLP
7  10 Prince Street
   Alexandra, VA 22314
8  Telephone: (202) 628-7400
   Email: tom@clarelocke.com
9  Email: joe@clarelocke.com
   Email: daniel@clarelocke.com
10 * Pro Hac Vice Application Forthcoming

11 Attorneys for Applicant Legatum Limited

FILED

NOV – 6 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

JSC

CV20       80198MISC

12              UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14  In re Ex Parte Application of            MISCELLANEOUS CASE NO.:

15  LEGATUM LIMITED,

16  Applicant,                               DECLARATION OF ROBERT VICKERS
                                             IN SUPPORT OF LEGATUM'S
17  For an Order Pursuant to 28 U.S.C. § 1782    EX PARTE APPLICATION FOR AN
    Granting Leave to Obtain Discovery       ORDER PURSUANT TO 28 U.S.C. § 1782
18  for Use in Foreign Proceedings           GRANTING LEAVE TO OBTAIN
                                             DISCOVERY FOR USE IN FOREIGN
19                                           PROCEEDINGS

20

21

22

23

24

25

26

27

28

FAXED

- 1 -
DECLARATION OF ROBERT VICKERS IN SUPPORT OF LEGATUM'S EX PARTE § 1782 APPLICATION

1

## DECLARATION OF ROBERT VICKERS

2       I, Robert Vickers, make this Declaration pursuant to 28 U.S.C. § 1746 in support of the

3   Application of Legatum Limited ("Legatum") for a discovery Order pursuant to 28 U.S.C. § 1782

4   requesting third-party discovery from Glassdoor, Inc. ("Glassdoor"), to aid foreign litigation in the

5   United Kingdom. I declare and state as follows:

6       1.      I am a U.K. citizen, am over the age of 18, am of sound mind, and make this

7   declaration on the basis of my personal knowledge and my review of publicly available

8   information. I have served as General Counsel to Legatum Group since January of 2016. I joined

9   Legatum Group several years earlier, in April of 2011, as Senior Vice President – Legal.

10      2.      Through my capacity as Legatum's General Counsel, I have overall responsibility

11  for all legal matters that affect Legatum. I work closely with Legatum's human resources

12  department and I play a key role with respect to onboarding new employees and the separation

13  processes for employees who depart Legatum.

14      3.      Each person who Legatum has employed has entered into certain contracts with

15  Legatum, including a Global Employment Agreement and a Confidentiality Agreement

16  (the "Deed"), at the commencement of his or her employment with Legatum. Each employee who

17  has left employment with Legatum has entered into a Severance Agreement with Legatum upon

18  the cessation of their employment with Legatum.[1]  Each of the Agreements is supported by valuable

19  consideration. The relevant language of these Agreements, as quoted below, has been operative at

20  all times relevant to Legatum's Application.

21      **The Global Employment Agreement.**

22      4.      In Paragraphs 5.1.1 and 5.1.4 of the Global Employment Agreement, the employee-

23  signatory "represent[s] and warrant[s] that he or she "at all times (including for the avoidance of

24  doubt following the [cessation of employment]), shall refrain from making any representations or

25  statements which impairs, impugns, denigrates, disparages, or negatively reflects upon the name,

26  reputation, good standing or business interests of Legatum, its management, principals or

27  _____

28  [1] Legatum has entered into confidentiality and non-disparagement obligations with all of its current and former employees since 2006.

1 employees."

2     5. In Paragraph 6, the Global Employment Agreement incorporates a Confidentiality

3 Agreement.

4     6. In Paragraph 19.1, the Global Employment Agreement provides that "[t]he

5 obligations set forth herein will survive, and remain binding and enforceable, notwithstanding any

6 termination of [the employee-signatory's] employment and any settlement of the financial rights

7 and obligations arising from [the employee-signatory's] employment."

8     7. In Paragraph 12.2, the Global Employment Agreement provides that in the event of

9 breach, "Legatum may bring an action or special proceeding in any court of competent jurisdiction

10 sitting in London."

11     8. In Paragraph 9.5 of the Global Employment Agreement, the employee-signatory

12 "agree[s] that Legatum will be entitled to injunctive relief ... for any actual or threatened violations

13 of any of [the employee-signatory's obligations under the Agreement] in addition to any other

14 remedies it may have."

15     9. In Paragraph 16 of the Global Employment Agreement, the employee-signatory

16 agrees not to "engag[e] in any act or mak[e] any statement which impairs, impugns, denigrates,

17 disparages, or negatively reflects upon the name, reputation or business interests of Legatum, its

18 management or principals; or [] engag[e] in any conduct of any nature detrimental to or reflecting

19 negatively on Legatum."

20 **The Confidentiality Agreement (the "Deed").**

21     10. In Paragraph 2.1 of the Deed, the employee-signatory agrees not to "disclose,

22 publish or reveal ... any incident, conversation or other information whatsoever concerning the

23 Principal ... unless duly authorized by the principal in writing to do so."

24     11. In Paragraph 2.2 of the Deed, the employee-signatory agrees to "not give any

25 interviews, comments to the media, post information on any web-site or otherwise publish any

26 information concerning the Principal ... or [Legatum]."

27     12. In Paragraph 6 of the Deed, the employee-signatory "acknowledge[s] and agree[s]"

28 that Legatum "shall be entitled to injunctive relief including restraining orders and temporary and

1  permanent injunctions to enforce this Deed."

2        13.     In Paragraph 13, the Deed provides that it "shall be governed by and construed in

3  accordance with English Law," and each employee-signatory agrees to "submit to the non-

4  exclusive jurisdiction of the English courts" to litigate any disputes arising out of the Deed.

5        **The Severance Agreement.**

6        14.     On page 3 of the Severance Agreement, the employee-signatory "agree[s] not to

7  make any negative, derogatory or disparaging comments about [Legatum or its representatives]."

8        15.     Also on page 3 of the Severance Agreement, the employee-signatory "agree[s] to

9  comply with all pre-existing confidentiality ... obligations" and "ratif[ies] and reaffirm[s]" his or

10  her confidentiality obligations in the Deed.

11        **The Glassdoor Review.**

12        16.     I recently learned that an individual identifying himself as a former Legatum

13  employee published a review on Glassdoor.com (on Legatum's Glassdoor profile) on September 9,

14  2020 titled "Dreadful Culture" (the "Review").

15        17.     The Review contains a number of false statements that breach the violate the

16  confidentiality, non-disclosure, and non-disparagement provisions described above in the Global

17  Employment Agreement, the Deed, and the Severance Agreement.  These statements include

18  claims that Legatum leadership treats its employees poorly, that "most people hate working at

19  Legatum," and that Legatum's leadership team is unqualified.  The Review makes clear that the

20  former employee "Doesn't Recommend" Legatum as an employer, and that the former employee

21  has a "Negative Outlook" regarding his time with Legatum.

22        18.     The Review is posted anonymously and does not disclose its author.

23        19.     Legatum has taken all practical available steps to attempt to identify the former

24  employee authored the post.  Only two employees have ceased employment with Legatum in the

25  twelve months before the Review was published, and one of those two people currently serves on

26  Legatum's Alumni leadership team and elected—on her volition—to write a five-star review on

27  Glassdoor.com detailing her experience with Legatum.

28        20.     Because the Review was putatively published by a former employee, Legatum

DECLARATION OF ROBERT VICKERS IN SUPPORT OF LEGATUM'S *EX PARTE* § 1782 APPLICATION

intends to enforce its contractual rights to privacy and non-disparagement under the Global Employment Agreement, the Deed, and the Severance Agreement. Specifically, Legatum intends to file a breach-of-contract action against the author of the Review, as soon as possible, in Her Majesty's High Court of Justice in London, United Kingdom.

21.    Legatum has corresponded with Glassdoor concerning these issues, and Legatum specifically requested that Glassdoor disclose the author of the Review's (1) identity and (2) the email address associated with the person's Glassdoor account and the IP address used to post the Review.

22.    Glassdoor refused Legatum's request.

23.    Legatum files this Application because there is no other mechanism available to Legatum to obtain the identifying information necessary to initiate litigation in the United Kingdom against the former employee who posted the review.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 4, 2020.

Robert Vickers
General Counsel
Legatum Group

DECLARATION OF ROBERT VICKERS IN SUPPORT OF LEGATUM'S *EX PARTE* § 1782 APPLICATION